

FILED (SG)
U.S. DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
05 AUG 11 PM 2:18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE

| | |
|---|---|
| Robert A. Krieg ) | |
| ) | |
| Plaintiff, ) | No.: 3:05CV-456-H |
| ) | Judge: Heyburn |
| v. ) | |
| ) | Trial by Jury Demanded |
| CSX Transportation, Inc. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, Robert A. Krieg, by and through his attorneys, James T. Foley and Hoey & Farina for his Complaint against Defendant CSX Transportation, Inc. hereinafter (CSXT) states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code § 1331.

2. This action arises under and the rights and liabilities of the parties to this cause are governed by the Federal Employers Act, 45 U.S.C. § et seq.

3. On August 14, 2002, and at all pertinent times, Defendant CSXT was a railroad corporation doing business in the State of Kentucky.

4. On August 14, 2002, and at all pertinent times, Defendant CSXT owned and operated a railroad in Interstate Commerce.

5. On August 14, 2002 and at all pertinent times Plaintiff Robert A. Krieg was a resident of Mt. Washington, Kentucky.

6. On August 14, 2002 and at all pertinent times, Plaintiff was employed by Defendant CSXT as a Conductor/Brakeman.

7. On August 14, 2002 and at all pertinent times, Defendant CSXT owned, managed, maintained and used as a portion of its railroad system, a facility known as the Osborn Yard, Louisville, Kentucky.

8. On August 14, 2002 and at all pertinent times, Plaintiff was performing work for Defendant in connection with or in furtherance of Defendant's business of Interstate Commerce and Transportation.

9. In the course of his duties of his duties as a brakeman/conductor on August 14, 2002, Plaintiff was required to work about CSXT switch engine CSXT 6022.

10. On August 14, 2002 and at all pertinent times, while Plaintiff was aboard CSXT switch engine CSXT 6022, or the Bowl Yard Job in the Osborn Yard, the foreman on the RCO, Bowl Yard Job was attempting to make a coupling move onto a cut of cars in the yard when the engine suddenly and unexpectedly revved up and made a rough coupling, violently throwing the Plaintiff around in engine CSXT 6022.

11. As a result of being violently knocked around the engine, Plaintiff seriously injured his neck, shoulder, head, back and body.

12. It was the continuing duty of the Defendant, as the Plaintiff's employer, at the time and place in question, to provide reasonably safe place to work; to provide Plaintiff with a reasonably safe place to work; to provide reasonably safe conditions in which to work; and to provide reasonably safe equipment.

13. In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions.

    a. carelessly and negligently allowed a defective locomotive engine to be used in its operation;

b. carelessly and negligently permitted locomotive CSXT 6022 to be part of a consist and train when the railroad had actual knowledge of the locomotive's defects;

c. failed to properly inspect its locomotives;

d. failed to properly inspect, maintain, repair and update its equipment, used by its employees so that the same became hazardous to its employees;

e. failed to ensure that the system and components on its locomotive were free of conditions that endangered the safety of its crew in violation of 49 CFR § 231.

f. Failed to adopt, install, implement and enforce a safe method and procedure for the movement of remote control trains through its rail yards;

g. Failed to prepare the Plaintiff for the performance of said duties, task, or job assigned proper and safe equipment to allow him to move and switch rail cars through its yard via remote control;

h. Failed to provide sufficient personnel to perform the tasks required;

i. Failed to warn Plaintiff of the defective remote control unit;

j. Failed to properly inspect the remote control unit and receiving mechanism;

k. Failed to adopt, install, implement and enforce a safe method and procedure for inspecting and maintaining remote control devices and receiving units;

l. Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

14. Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

15. As a consequence, Plaintiff, Robert A. Krieg, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

Wherefore, Plaintiff Robert A. Krieg, demands judgment in his favor and against Defendant CSXT in a sum in excess of $100,000.00, plus the cost of this suit.

### COUNT II – LOCOMOTIVE INSPECTION ACT

Now comes the Plaintiff, Robert A. Krieg, by and through his attorney, James T. Foley and Hoey & Farina and for Count II of his Complaint against Defendant CSXT, states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code § 56 and Title 28 U.S. Code § 1331.

2. This action arises under and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq, and the Locomotive Inspection Act, 49 U.S.C. § 20701, et seq.

3. At all times herein, the Defendant CSXT was and is a railroad corporation doing business in the State of Kentucky.

4. On August 14, 2002 and at all pertinent times, the Defendant CSXT owned, maintained, managed and operated as a portion of its railroad system, an area in Northlake Illinois known as the Proviso Yard.

5. On August 14, 2002 and at all pertinent times, Defendant CSXT owned a certain piece of locomotive equipment that was assigned to Plaintiff on RCO, Bowl Yard Job.

6. On August 14, 2002 and at all pertinent times, the Plaintiff was employed by the Defendant CSXT as a conductor/brakeman and in the course of his duties a coworker attempted to operate a CSXT train using a remote control system, which unexpectedly failed to operate in its intended fashion and caused injury to Plaintiff's back, neck, shoulders, arms and body.

7. At the time and place alleged, Plaintiff's duties were in the furtherance of Interstate Commerce for the Defendant CSXT as the locomotive engine that Plaintiff was operating via remote control was in use as defined by the Federal Railroad Administration guidelines.

8. At the time and place alleged the Defendant CSXT had a non-delegable duty to provide the Plaintiff with a reasonably safe place to work; to provide reasonably safe tools and equipment; to keep all parts and appurtenances of its locomotive, including its handbrakes, in proper condition; and, safe to operate without unnecessary peril to life or limb, and it was its absolute duty to have a remote control operation, a remote control box and a remote control receiver in working order in compliance with the Locomotive Inspection Act.

9. In violation of its duties, the Defendant CSXT committed one or more of the following unlawful acts or omissions:

   a. Failed to provide Plaintiff with a safe place to work;

   b. Failed to provide Plaintiff with a locomotive with all parts and appurtenances, including the remote control device, in proper condition and safe to operate without unnecessary peril to life or limb;

   c. Failed to comply with its absolute duty to have all parts and appurtenances of its locomotives in proper condition and safe to operate without unnecessary peril to life or limb in violation of the Locomotive Inspection Act;

   d. Used on its line locomotives which were not in proper condition and safe to operate in the service to which they were put, without unnecessary peril to life or limb in violation of 49 C.F.R. 229.7; 49 C.F.R. Part 229; and 49 C.F.R. part 240;

   e. Used on its line a locomotive with a defective remote control device in violation of 49 CFR 229.

   f. Was otherwise careless and negligent in failing to provide plaintiff with a safe place to work.

10. Defendant's failure to provide Plaintiff Robert A. Krieg with a safe place to work and with a remote control device in compliance with the Locomotive Inspection Act, caused, in whole or in part, Plaintiff's injuries.

11. As a consequence, Plaintiff Robert A. Krieg incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability, as a further result. Plaintiff, Robert A. Krieg, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result Plaintiff, Robert A. Krieg has incurred medical, hospital, and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

12. Plaintiff, Robert A. Krieg demands Trial by Jury.

Wherefore, Plaintiff, Robert A. Krieg demands judgment in his favor and against Defendant CSXT in a sum in excess of $100,000.00 plus the costs of this suit.

Respectfully Submitted,

Robert A. Krieg

By: *(signature)*
James T. Foley
Hoey & Farina
542 South Dearborn Street, Suite 200
Chicago, IL 60605
(312) 939-1212